**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 97-7757**

———————

EDDIE LEE MUMFORD,

Plaintiff - Appellant,

versus

PAUL DAVIS, Chairman, Maryland Parole Commission,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CA-
97-1404-DKC)

———————

Submitted:  June 23, 1998          Decided:  July 13, 1998

———————

Before ERVIN and HAMILTON, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Eddie Lee Mumford, Appellant Pro Se.  John Joseph Curran, Jr., At-
torney General, Baltimore, Maryland; Susan Lynn Howe, DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONAL SERVICES, Baltimore, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eddie Mumford appeals the district court's grant of summary judgment in this action, filed pursuant to 42 U.S.C.A. § 1983 (West 1994 & Supp. 1998). Mumford alleged that there has been a change in the way that the Maryland Parole Commission computes his eligibility for parole review, and that the change violates the Ex Post Facto Clause of the Constitution. We conclude that, assuming Mumford's factual allegations to be true, they do not constitute a "sufficient risk" of increasing the punishment attached to the crime. California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995). Mumford cannot show with assurance that he would have received parole under the old system, but only that he missed an opportunity to be evaluated for earlier release. Therefore, the change is not an Ex Post Facto violation. Roller v. Gunn, 107 F.3d 227, 237 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3260 (U.S., Oct. 6, 1997) (No. 97-5072).

We affirm the district court's entry of summary judgment in this action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2